**George I. KIRK, Jr.**

v.

**Thomas J. CANFIELD et al.**

No. 95–115–Appeal.

Supreme Court of Rhode Island.

March 27, 1996.

Daniel P. Carter, Warwick.

Patrick B. Landers, Providence.

### ORDER

This case came before a hearing panel of this court March 19, 1996, for oral argument pursuant to an order that had directed both parties to appear in order to show cause why this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiff, George I. Kirk, Jr., has appealed from a summary judgment entered in the Superior Court in favor of the defendants, Thomas J. Canfield and Theresa Canfield (the Canfields).

The plaintiff in his capacity as a constable served a writ of execution upon Stephen Whiting for the collection of arrearage in rent incident to a trespass and ejectment action that had been filed in Washington County Superior Court by the Canfields. The Canfields were represented by an attorney who sought a writ of execution from Diane Seeman, who was then serving as the clerk of the Washington County Superior Court. By mistake, Diane Seeman included within the execution an authorization to attach the body of Stephen Whiting. The plaintiff served the writ in accordance with its terms and arrested Whiting. Thereafter, Whiting brought suit in Federal District Court for violation of his civil rights. A Federal District Court judge rendered judgment in favor of Whiting but this judgment was reversed by the First Circuit Court of Appeals because of the qualified immunity of the constable. *See Whiting v. Kirk,* 960 F.2d 248 (1st Cir.1992). Attempts by the plaintiff to seek recovery from the Canfields' attorney and the court clerk were terminated by summary judgment in favor of the defendants.

Although it is indeed unfortunate that the plaintiff has been required to expend significant amounts of money for his successful defense against Whiting's suit in federal court for an error committed by the court clerk, responsibility for this unfortunate set of circumstances cannot be placed upon the Canfields. They did not in any way participate in the request for the execution. Certainly they did not formulate its terms in any way. They did not exercise any supervisory authority either over their own attorney or over the court clerk who prepared the execution. Although an attorney may for certain purposes be regarded as the agent of his clients in managing the proceedings of a lawsuit, such agency would not extend to torts committed by the attorney.

Consequently, the Superior Court justice who granted the motion for summary judgment committed no error. Therefore, the plaintiff's appeal is denied and dismissed. The summary judgment entered in the Superior Court is affirmed.

BOURCIER, J., did not participate.